IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MURIEL NADIA HARRIS, )<br>)<br>Plaintiff, pro se, )<br>)<br>v. )<br>)<br>)<br>)<br>GILBARCO VEEDER ROOT, )<br>)<br>Defendant. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br>1:08CV803 |

This matter is before the court on Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (docket no. 10). Plaintiff has failed to file a response in opposition to the motion, and the time for response has run. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; thus, the motion must be dealt with by way of recommendation. For the reasons stated herein, it will be recommended that Defendant's motion to dismiss be denied.

**I. Background**

Plaintiff was employed by Gilbarco Veeder Root as a Customer Service Representative from June 21, 2006, through either September 22, 2006, or September 23, 2006.[1] During this time, Plaintiff alleges that she was subjected to

---

[1] As discussed below, the date of Plaintiff's termination is of material dispute in this matter, and is directly relevant to determining the timeliness of her EEOC Charge of Discrimination.

continued harassment on account of her being Muslim, "hispanic of African descent," and for "complaining" of harassment. Compl. § III. Following her termination, Plaintiff filed a Charge of Discrimination with the EEOC on March 22, 2007. On July 30, 2008, the EEOC dismissed Plaintiff's charge, and notified Plaintiff of her right to sue. Plaintiff filed the current Complaint, *pro se*, in this court on October 30, 2008.

Plaintiff contends, "[d]uring my employment with Gilbarco from June 21, 2006 thru September 22, 2006, I have undergone religious discrimination against the fact that I am Muslim. I have been retaliated against for complaining on several occasions starting July 2006 and again August 2006." Compl. § III. In Plaintiff's Complaint, she alleges that she was "wrongfully terminated September 22, 2006." *Id.*

On January 9, 2009, Defendant filed the instant motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint should be dismissed because Plaintiff filed her Charge of Discrimination with the EEOC in an untimely manner, and as such this court lacks subject matter jurisdiction and the complaint fails to state a claim.

## II. Standard of Review

The Fourth Circuit has summarized the legal standard to be applied upon a Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1):

2

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*; *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta*, *supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta*, *supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg, & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will

give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). In addition, *pro se* pleadings are to be liberally construed. *See Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

**III. Analysis**

Under Title VII of the Civil Rights Act of 1964, a Charge of Discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). Filing a Charge of Discrimination with the EEOC within the specified time period is mandatory, and failure to adhere to time requirements will result in a time-bar against the claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (citing *Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)).

It is undisputed that Plaintiff filed her Charge of Discrimination with the EEOC on March 22, 2007. It is unclear, however, if September 22, 2006, or September 23, 2006, is the correct date of Plaintiff's final day of employment and latest date of any

4

unlawful employment discrimination. Plaintiff alleges in her unverified complaint that she was wrongfully terminated on September 22, 2006. She states in her verified EEOC Charge, on the other hand, that she was wrongfully terminated on September 23, 2006. Defendant's position is that Plaintiff walked out on her job on September 22, 2006, and that her employment was terminated at that time. Defendant argues that because September 22, 2006, is the "correct termination date," Plaintiff's Charge of Discrimination was, therefore, untimely filed with the EEOC, some 181 days after any alleged discrimination occurred.

Plaintiff, however, relies on the EEOC Charge of Discrimination document, which states a final date of discrimination of September 23, 2006.[2] The EEOC Charge states:

> On or about September 23, 2006, Dan Page, Human Resources Manager, informed me that I was discharged due to job abandonment. I deny Mr. Page's allegation that I abandoned my job. I had permission to leave early on September 22. I asked my instructor Lockley Lyons if I could go home early on September 22 and he granted my request.

EEOC Charge of Discrimination, March 22, 2007. This document clearly states that Plaintiff requested and was granted permission to leave early on September 22, 2006, and that in actuality she was terminated the following day as a result of her race, religion, nationality, and in retaliation. If the date on this document,

---

[2] This court takes judicial notice of Plaintiff's EEOC Charge. A court may rely on documents that are integral to the complaint without converting a motion to dismiss into a summary judgment motion. *See, e.g., Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

September, 23, 2006, is to be taken as the correct date, then Plaintiff filed a Charge of Discrimination on the one hundred and eightieth day, making it timely filed with the EEOC.

"In the Fourth Circuit, verified complaints by *pro se* litigants are considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge." *Morrison v. Fox*, No. 05-3394-SB-BM, 2007 WL 2908480, at *1 n.1 (D.S.C. Oct. 1, 2007) (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)). This court finds it persuasive that the EEOC Charge of Discrimination, upon which Plaintiff relies, is verified to be true, whereas Plaintiff filed an unverified Complaint, upon which Defendant relies. The court cannot definitively resolve the factual discrepancy at this stage. Construing the record in the light most favorable to Plaintiff, Plaintiff's allegations in her verified EEOC Charge support a reasonable inference that the final date of any unlawful employment practices occurred on September 23, 2006, and, as such, that she filed her EEOC Charge of Discrimination within 180 days of the latest event of discrimination.

## III. Conclusion

Accordingly, it is **RECOMMENDED** that the court **DENY** Defendant's Motion to Dismiss (docket no. 10).

_____
WALLACE W. DIXON
United States Magistrate Judge

March 26, 2009